UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 14-cv-02035-BLF<br><br>**ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF Nos. 7, 8] |

In this civil rights lawsuit, Plaintiff Anthony Davis ("Plaintiff") has asserted federal and state law claims against individual police officers Michael Montonye, Tyler Krauel, and Thomas Boyle (collectively, the "Officers") for alleged police misconduct during a May 5, 2012 incident on Santana Row in San Jose, California. Plaintiff also asserts claims against the City of San Jose (the "City") pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and California Government Code § 815.2.

The Officers and the City filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that the factual allegations in Plaintiff's Second Amended Complaint ("SAC") are insufficient to state any claims against any of the defendants. (Officers' Mot., ECF 7; City's Mot., ECF 8) The Court heard oral argument on June 19, 2014, after which it took the matters under submission. Having considered the parties' respective written submissions and the oral argument of counsel, for the reasons stated herein, the Court GRANTS the Officers' and the City's Motions to Dismiss with leave to amend.

## I. BACKGROUND

### A. Factual Allegations

The following facts from Plaintiff's SAC are taken as true and viewed in the light most favorable to Plaintiff:[1] On May 5, 2012, Plaintiff was celebrating Cinco de Mayo with his girlfriend on Santana Row in San Jose, California. (SAC ¶ 13) Plaintiff "is and was readily recognizable as Latino." (*Id.* ¶ 45) Plaintiff walked to the parking structure of Stevens Creek Mall to check on his girlfriend. (*Id.* ¶ 13) As Plaintiff "attempted to console" his girlfriend, police officers Montonye, Boyle, and Krauel "viciously attacked and beat[]" Plaintiff. (*Id.*)

The defendant Officers "never identified themselves to the Plaintiff." (*Id.* ¶ 14) One officer threw Plaintiff to the ground and held him there, while another used his knee to "squash[] Plaintiff's head into the concrete pavement." (*Id.* ¶ 15) Despite pleas from Plaintiff's girlfriend, the officers continued to beat Plaintiff. Collectively, the Officers are alleged to have "kicked Plaintiff all over his body," "repeatedly slammed Plaintiff's head against the ground," and "put Plaintiff in a lethal chokehold" until he lost consciousness. (*Id.* ¶ 16) Plaintiff regained consciousness in an ambulance, (*id.* ¶ 17), and was at some later point in time charged with "assaulting an officer and resisting arrest," which charges were ultimately dismissed, (*id.* ¶ 18). The City did not discipline the Officers for their alleged misconduct.[2] (*Id.* ¶ 19)

### B. Procedural Background

On January 15, 2013, Plaintiff filed a complaint in Santa Clara County Superior Court asserting three causes of action against the Officers for assault and battery, negligence, and

---

[1] The SAC contains additional allegations the Court finds to be legal conclusions, and those allegations are therefore not set forth in this summary of factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Defendant City argues that Plaintiff's allegation that the City "failed to discipline" the Officers is based on the assumption, not supported by the factual allegations in the SAC, that discipline was warranted. (City's Mot. 12:3-7) The Court agrees with the City's contention. As such, the Court will presume true for purposes of this motion the factual allegation that the City did not discipline the Officers. Plaintiff's allegation that the City wrongfully failed to discipline the Officers is conclusory and not supported by factual allegations in the SAC. Thus, it is not entitled to the presumption of truthfulness.

2
Case No. 14-cv-02035-BLF
ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

1  violation of California Civil Code § 52.1.  (Removal Not. Exh. A, at 4-11, ECF 1-1)  Consistent
2  with the requirements of the California Tort Claims Act and California Government Code § 945.4,
3  Plaintiff submitted a written claim against the City before filing suit ("pre-litigation claim").  (*Id.*
4  at 13-16; *see also* Def.'s Req. for Judicial Notice ("RJN") Exh. B, ECF 9)  Following motion
5  practice and a series of communications between opposing counsel, Plaintiff eventually filed a
6  Second Amended Complaint ("SAC").  (*See* Removal Not. Exh. A, Part 3, ECF 1-3 (SAC); *see*
7  *also* Def.'s RJN Exh. A (same))

8  The SAC asserts ten claims against the Officers: (1) claims pursuant to 42 U.S.C. § 1983
9  for violations of Plaintiff's Fourth Amendment rights (First, Second, Third, and Fourth Causes of
10 Action ("COA")); (2) a claim pursuant to 42 U.S.C. § 1985 for conspiracy to violate Plaintiff's
11 Fourth Amendment rights (Fifth COA); (3) violation of California Civil Code § 51.7 (Seventh
12 COA); (4) intentional infliction of emotional distress (Eighth COA); (5) violation of California
13 Civil Code § 52.1 (Ninth COA); (6) assault and battery (Tenth COA); and (7) negligence
14 (Eleventh COA).  The SAC also asserts claims against the City for *Monell* liability (Sixth COA),
15 and for vicarious liability over the Officers' conduct pursuant to California Government Code §
16 815.2.  Plaintiff seeks general, special, statutory, and punitive damages, and has not requested
17 injunctive relief.  (SAC 12:25-13:9)  Due to the addition of federal law claims, Defendants
18 removed the SAC to this Court on May 2, 2014 and filed their respective motions to dismiss on
19 May 9, 2014.

20 **II.    LEGAL STANDARD**

21  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal
22 sufficiency of the claims alleged in the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200
23 (9th Cir. 2003).  Generally, a motion to dismiss pursuant to Rule 12(b)(6) must be decided on the
24 face of the complaint.  The Court may, however, consider materials incorporated by reference into
25 the complaint, provided the authenticity and relevance of such materials are not reasonably in
26 dispute.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393
27 F.3d 1068, 1076 (9th Cir. 2005).

28

United States District Court
Northern District of California

To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The emphasis is on factual pleadings, as a pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id.* (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). In the Section 1983 context, the Ninth Circuit has affirmed that this pleading standard applies not only to allegations against individual defendants, but also to claims based on supervisory and *Monell* theories of liability. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (confirming *Starr*'s interpretation of *Iqbal* applies to *Monell* claims); *see also Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011). As such, allegations in the complaint are only entitled to the presumption of truth if they contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d 1202, 1216.

In assessing the sufficiency of a plaintiff's pleadings, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. 662, 678 (internal quotations omitted).

If a motion to dismiss is granted, a court should normally grant leave to amend, "even if no request to amend the pleading was made," unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations omitted).

### III. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Defendants have requested that the Court take judicial notice of Plaintiff's SAC and pre-litigation claim. (*See* Def.'s RJN Exhs. A-B) The SAC is the operative

complaint in this action and appropriately before the Court as such.  Therefore, judicial notice is not required.  Plaintiff's pre-litigation claim is incorporated by reference into the Complaint, as Plaintiff was required to comply with California Government Code § 945.4 before filing suit.  (*See* SAC ¶ 12)  Neither party disputes the authenticity of the copy of Plaintiff's pre-litigation claim attached to Defendants' Request for Judicial Notice, and it is unquestionably relevant to Plaintiff's state law claims.  Therefore, Plaintiff's pre-litigation claim may be considered pursuant to the incorporation by reference doctrine.  *See Knievel*, 393 F.3d 1068, 1076.  As such, Defendants' request for judicial notice is DENIED as moot.

## IV.   DISCUSSION

Defendants have moved to dismiss all of Plaintiff's claims against the Officers and the City.  (*See generally* Officers' Mot.; City's Mot.)  In his opposition to Defendants' motions to dismiss, Plaintiff indicated that his conspiracy claim (Fifth COA) against the Officers was pled in error.  (Pl.'s Opp. Officers 10:25, ECF 20)[3]  Plaintiff also acknowledges that his punitive damages claim against the City was erroneously included, and requested that the claim be withdrawn.  (Pl.'s Opp. City, 9:3-8, ECF 21; *id.* n.1)  As such, the Officers' Motion to Dismiss is GRANTED as to Plaintiff's Fifth Cause of Action, and the City's Motion to Dismiss is GRANTED as to Plaintiff's request for punitive damages against the City.  These claims are dismissed without prejudice.  The Court will address each of the remaining claims in turn.

### A.   Claims Against Defendant Officers

#### i.   Section 1983 Claims (First, Second, Third, and Fourth COA)

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that "(1) the defendants acting under color of state law (2) deprived plaintiff[] of rights secured by the Constitution or federal statutes."  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Plaintiff asserts four Section 1983 claims against the Officers for violations of his Fourth Amendment right to be free from unreasonable seizure (First COA), unlawful detention (Second COA), unlawful arrest

---

[3] Plaintiff identified the conspiracy claim as his "fourth cause of action." (Pl.'s Opp. to Officers 10:26)  The Court assumes Plaintiff meant to refer to the Fifth COA.

1  (Third COA), and excessive force (Fourth COA).  He supports these claims with the scant facts

2  alleged in Paragraphs 13 to 17 of the SAC.

3        Here, the parties do not dispute Plaintiff's allegation that the Officers acted under color of

4  state law.  Rather, the Officers contest the sufficiency of Plaintiff's allegations concerning each of

5  his Fourth Amendment claims.  (Officers' Mot. 6:20-9:20; Officers' Reply 2:13-3:13)  The

6  Officers also argue that they are entitled to qualified immunity, and that Plaintiff's claims must be

7  dismissed on that ground.  (Officers' Mot. 9:22-11:21; Officers' Reply 3:16-5:4)  Plaintiff's only

8  rejoinder to these arguments is that the Officers' behavior was not that of "'objectively reasonable'

9  law enforcement officers under the circumstances," (Pl.'s Opp. Officers 9:16-17), and that

10  "[q]uestions of material fact prevent determination of the qualified immunity at this stage of

11  litigation," (*id.* 10:5-16).  The Court agrees with Defendant Officers that Plaintiff has not alleged

12  sufficient facts for the Court to make a determination of the plausibility of Plaintiff's allegation

13  that the Officers' conduct was objectively unreasonable under the circumstances they confronted.

14        The Fourth Amendment secures the right to be free from "unreasonable searches and

15  seizures."  Whether a search or seizure is reasonable under the Fourth Amendment "is

16  predominantly an objective inquiry." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (quoting

17  *City of Indianapolis v. Edmond*, 531 U.S. 32, 47 (2000)).  A court must ask whether "the

18  circumstances, viewed objectively, justify [the challenged] action."  *Scott v. United States*, 436

19  U.S. 128, 138 (1978).  Claims of unreasonable seizure, unlawful detention, unlawful arrest, and

20  excessive force are all analyzed according to this objective standard, "*in light of the facts and

21  circumstances* confronting [the police officer], without regard to their underlying intent or

22  motivation."  *Graham v. Connor*, 490 U.S. 386, 397 (1989) (emphasis added) (excessive force);

23  *see also Terry v. Ohio*, 392 U.S. 1, 9 (1968) (warrantless detention); *Dubner v. City & Cnty. of

24  San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001) (probable cause); *Fontana v. Haskin*, 262 F.3d

25  871, 880-81 (9th Cir. 2001) (unreasonable seizure).

26        Qualified immunity, more than simply an affirmative defense, "shields federal and state

27  officials from money damages *unless* a plaintiff pleads facts showing (1) that the official violated

28

a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *al-Kidd*, 131 S. Ct. 2074, 2080. Although there is no heightened pleading requirement for suits involving qualified immunity, it is incumbent upon a plaintiff to plead sufficient facts showing that state official defendants are *not* entitled to the shield of qualified immunity. The "dispositive inquiry . . . is whether it would have been clear to a reasonable officer in the [Officers'] position that their conduct was unlawful in the situation they confronted." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (internal alterations removed) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

The SAC is devoid of any factual allegations concerning the circumstances that led up to the Officers' alleged violation of Plaintiff's Fourth Amendment rights. The SAC merely alleges that Plaintiff went to the parking garage to "console" his girlfriend, whereupon the Officers "viciously attacked and beat[]" him. (SAC ¶ 13) Plaintiff's assertion that the Officers attacked him "without warrant," (*id.* ¶ 14) may be a factual allegation that the Officers did not have an arrest warrant, but Plaintiff's allegation that the attack was without "just cause," (*id.*), is a conclusion that the Court cannot reach from the facts alleged. The SAC includes no facts to explain why the Officers were in the parking garage, and why they approached Plaintiff and his girlfriend. To be sure, if the Officers had, of their own volition, initiated a physical altercation with Plaintiff while he was simply minding his own business and attempting to "console" his girlfriend, those facts would likely support a Fourth Amendment claim. Plaintiff does not so allege. In fact, Plaintiff does not allege any facts about the situation the Officers confronted, and the Court cannot speculate about what those omitted circumstances might have been.

It is readily apparent from both parties' papers that there is more to this incident than the facts pled in the SAC. (Officers' Mot. 8:19-9:2; Pl.'s Opp. Officers 10:17-18; 13:3-5) By Plaintiff's own admission, his girlfriend was crying "and/or having a brief disagreement with Plaintiff" when the Officers intervened. (Pl.'s Opp. Officers 10:17-18) Plaintiff also alludes to the fact that the Officers may have been responding to "a call about a disturbance during a Cinco de Mayo celebration." (*Id.* 13:3-5) Similarly, the Officers note that Plaintiff has attempted to

state a claim for unlawful arrest without pleading the facts of his arrest. (Officers' Mot. 9:8-9) These facts are clearly relevant to both the Fourth Amendment reasonableness analysis and the Officers' entitlement to qualified immunity, as they provide necessary context about the objective circumstances confronting the Officers at the time of the alleged misconduct. Without these facts, and other facts that may have been omitted from the SAC, the Court cannot make the critical Fourth Amendment determination of plausibility that Plaintiff seeks—that under the facts alleged, the Officers acted in an objectively unreasonable manner in light of the facts and circumstances they confronted.

Furthermore, the Supreme Court has admonished that "clearly established law" must not be defined at a "high level of generality" when conducting a qualified immunity analysis. *al-Kidd*, 131 S. Ct. 2074, 2084. "The general proposition . . . that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of *particular* conduct is clearly established." *Id.* (emphasis added); *see also Terry*, 392 U.S. 1, 9 ("the specific content and incidents of [a Fourth Amendment] right must be shaped by the context in which it is asserted"). Here, Plaintiff's allegations of the Officers' physical misconduct, without factual enhancement concerning the *circumstances* under which the alleged misconduct occurred, are insufficient for the Court to even define the specific content of the right allegedly violated, let alone whether the law was clearly established at the time. Plaintiff would invite the Court to conclude, in general terms, that an unreasonable seizure violates the Fourth Amendment. However, that level of generality is insufficient for Plaintiff to bear his burden of pleading facts that show the Officers are not entitled to qualified immunity.

As the Supreme Court held in *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. 662, 678 (internal quotations omitted). Due to the paucity of specific allegations concerning the circumstances leading up to and surrounding the Officers' alleged misconduct, the Court cannot make a determination from the facts alleged in the SAC that it is plausible, as opposed to merely possible, that there was no probable cause or reasonable

suspicion to detain Plaintiff. The Court likewise also cannot determine that it is plausible, as opposed to merely possible, that the Officers' conduct and the quantum of force that they used was unreasonable under the circumstances. Plaintiff has thus alleged but has not plausibly *shown* that he may be entitled to relief under 42 U.S.C. § 1983. *Id.* at 679. Having failed to meet this pleading standard, the Officers' motion to dismiss Plaintiff's Section 1983 claims (First, Second, Third, and Fourth COA) is GRANTED with leave to amend.

### ii. California Civil Code Section 51.7 (Seventh COA)

Under California Civil Code § 51.7, an individual has the "right to be free from violence, or intimidation by threat of violence" committed because of, *inter alia*, the individual's race, color, ancestry, or national origin. *See* Cal. Civ. Code §§ 51.7, 51(b). Here, Plaintiff's Section 51.7 claim is based on the Officers' alleged racial animus toward Plaintiff, who "is and was readily recognizable as Latino." (SAC ¶ 45)

#### a. Compliance With California Government Code Sections 910 and 945.4

The Officers argue that Plaintiff's Section 51.7 claim exceeds the scope of his pre-litigation claim submitted to the City pursuant to California Government Code § 910. As such, the Officers contend that Plaintiff's Section 51.7 is barred by California Government Code § 945.4, which requires the submission of a Section 910 claim as a condition precedent to bringing suit. (Officers' Mot. 13:22-15:21) The Officers rely on *Stockett v. Association of California Water Agencies Joint Powers Insurance Authority*, 34 Cal. 4th 441 (2004), for the general statement of what is required to comply with Section 910. However, *Stockett* further notes that "[a] complaint's fuller exposition of the factual basis beyond that given in the [Section 910] claim is not fatal, so long as the complaint is not *based on an entirely different set of facts*." *Id.* at 447 (emphasis added) (internal quotations omitted). "Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred." *Id.* (internal citations and quotations omitted).

The acts and omissions Plaintiff described in pre-litigation claim are nearly identical to

those alleged in his SAC. In both, Plaintiff has alleged that a San Jose police officer beat him without provocation or justification and choked him until he lost consciousness. (*Compare* SAC ¶¶ 13-17 *with* Def.'s RJN Exh. B)[4] Though Plaintiff's pre-litigation claim does not describe racial animus as a motivation for the Officers' conduct, that is only a theory of liability "predicated on the same fundamental facts"—that the Officers allegedly used excessive force to detain Plaintiff without reasonable suspicion or probable cause. *See White v. Superior Court*, 225 Cal. App. 3d 1505, 1511 (1990). The addition of a Section 51.7 theory of recovery does not represent a "complete shift in allegations." *Stockett*, 34 Cal. 4th 441, 447; *see also IDC v. City of Vallejo*, No. 2:13-CV-1987 DAD, 2013 WL 6670557, at *4-5 (E.D. Cal. Dec. 18, 2013) (finding same). The cases that the Officers cite for their contrary proposition are all factually distinguishable and pre-date the California Supreme Court's clear articulation of the standard in *Stockett*. (*See* City's Mot. 14:22-15:7) Accordingly, the Court DENIES the Officers' motion to dismiss Plaintiff's Section 51.7 claim for failure to comply with California Government Code §§ 910 and 945.4.

### b. Sufficiency of Plaintiff's Allegations

The Officers also argue that Plaintiff's Section 51.7 claim should be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a). (Officers' Mot. 15:22-16:6; Officers' Reply 6:3-17) In order to plead a claim for relief under Section 51.7, a plaintiff must allege facts suggesting that the defendant's conduct was substantially motivated by a protected characteristic such as the plaintiff's race. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 881 (2007).

The SAC merely alleges that Plaintiff is visibly Latino. (SAC ¶ 45) Such an allegation, without more, is insufficient to create a plausible inference that the Officers were motivated by Plaintiff's race. Plaintiff maintains that his Section 51.7 is adequately pled, but bases his argument on speculations drawn from facts that are not in the SAC. Plaintiff argues that "Defendant officers perceived him as a violent threat due to a prejudice against young Latino

---

[4] Although Plaintiff's pre-litigation claim describes the conduct of only a singular officer, the Officers have not argued that this is a basis on which to dismiss Plaintiff's Section 51.7 claim.

10
Case No. 14-cv-02035-BLF
ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

1  men" and that racial animus can be inferred from the Officers' "outrageous and incongruous"
2  response to "a call about a disturbance during a Cinco de Mayo celebration." (*See* Pl.'s Opp.
3  Officers 12:26-13:7)  Even had they been alleged in the SAC, such contentions would be too
4  speculative to push the inference that the Officers acted with racial animus past the line between
5  possibility and plausibility. *See Green v. Betz*, No. C 13-1671 MMC, 2013 WL 5353051, at *5
6  (N.D. Cal. Sept. 24, 2013) (dismissing Section 51.7 claim based on identical allegations and
7  contentions).

8  Accordingly, the Officers' motion to dismiss Plaintiff's Section 51.7 claim is GRANTED.
9  Plaintiff's Seventh COA is dismissed for failure to allege sufficient facts to state a claim upon
10 which relief can be granted, with leave to amend to cure the deficiency.

### iii.  Intentional Infliction of Emotional Distress (Eighth COA)

The elements of intentional infliction of emotional distress ("IIED") are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993)).  The Officers argue that the SAC contains no factual allegations concerning severe emotional suffering and that the Officers' conduct, as alleged, was not "extreme, unreasonable and outrageous." (Officers' Mot. 17:7-17)  Plaintiff conclusorily argues that he has properly pled IIED because "he will be able to demonstrate by a preponderance of evidence that they [sic] suffered severe emotional distress." (Pl.'s Opp. Officers 16:5-10)

The California Supreme Court has set a high bar for finding severe emotional suffering, defining it as "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes*, 46 Cal. 4th 1035, 1051 (quoting *Potter*, 6 Cal. 4th 965, 1004).  Plaintiff alleges that he "suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and

pride as a United States Citizen" as a result of the Officers' alleged conduct. (SAC ¶ 24) This conclusory allegation is not sufficient to show that Plaintiff's distress met the high bar set by the California Supreme Court. *See Bass v. City of Fremont*, No. C12-4943 TEH, 2013 WL 891090, at *7 (N.D. Cal. Mar. 8, 2013) (dismissing IIED claim based on similarly deficient allegations of severe emotional suffering).

The sufficiency of Plaintiff's allegations of "extreme and outrageous conduct" necessarily depends on Plaintiff's ability to allege plausible claims for Fourth Amendment violations. As the Court has determined that Plaintiff's Section 1983 claims are insufficient as presently pled, Plaintiff's IIED claim also fails for that reason.

Accordingly, the Officers' motion to dismiss Plaintiff's Eighth COA for intentional infliction of emotional distress is GRANTED with leave to amend.

### iv. California Civil Code Section 52.1 ("Bane Act") (Ninth COA)

A defendant is liable under the California Bane Act "if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by . . . threats, intimidation, or coercion." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 956 (2012), *reh'g denied* (Mar. 13, 2012), *review denied* (May 9, 2012); Cal. Civ. Code § 52.1(a). Plaintiff's Bane Act claim is premised on the Fourth Amendment violations that the Officers committed by allegedly detaining Plaintiff without reasonable suspicion or probable cause, and by continuing to beat Plaintiff after detaining him on the ground. (*See* Pl.'s Opp. Officers 14:12-20; SAC ¶¶ 15-16) As the Court has noted, Plaintiff has failed to allege sufficient facts from which it can be plausibly inferred that there was no reasonable suspicion or probable cause to detain Plaintiff. Therefore, Plaintiff's Bane Act claim also fails.

Defendant Officers further argue that the Bane Act claim fails because Plaintiff cannot allege facts showing threats, intimidation or coercion independent from the coercion inherent in the alleged wrongful detention, arrest, and excessive force that form the bases of the First through Fourth COA's. Defendant Officers rely on the holding in *Shoyoye v. County of Los Angeles,* 203 Cal. App. 4th 947 (2012). (*See* Officers' Mot. 18:8-19:24) However, the Officers ignore the

wealth of subsequent case law that has limited *Shoyoye* to its narrow circumstances—case law with which this Court agrees. *See Mateos-Sandoval v. Cnty. of Sonoma*, No. C11-5817 TEH, 2013 WL 3878181, at *8-9 (N.D. Cal. July 25, 2013); *M.H. v. Cnty. of Alameda*, No. 11-CV-02868 JST, 2013 WL 1701591, at *6-8 (N.D. Cal. Apr. 18, 2013) (comparing *Shoyoye* to *Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004) and concluding that *Venegas* governed because complaint alleged intentional conduct); *Bass v. City of Fremont*, No. C12-4943 TEH, 2013 WL 891090, at *5-6 (N.D. Cal. Mar. 8, 2013) (finding line between *Shoyoye* and *Venegas* to be line between action and inaction). In fact, at least one California Court of Appeals has approved of this limited interpretation of *Shoyoye* to permit a Bane Act based upon allegations of excessive force incident to unlawful seizure, holding that "a wrongful detention that is accompanied by the requisite threats, intimidation, or coercion—coercion independent from the coercion inherent in the wrongful detention itself that is deliberate or spiteful—is a violation of the Bane Act." *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 981 (2013) (internal quotations and citations omitted).

Thus, if Plaintiff is able to successfully plead a claim for unlawful detention or arrest, it stands to reason that any additional physical coercion would be in excess of that which is inherent in a detention. *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013) ("[N]othing in *Shoyoye* supports defendants' assertion that where . . . an unlawful arrest is accompanied by the deliberate and spiteful use of excessive force, a Bane Act claim requires a showing the conduct also caused a violation of a separate and distinct constitutional right.") (internal quotation omitted). Under those circumstances, Plaintiff may be permitted to proceed on a claim under the Bane Act.

At present, because Plaintiff has not plausibly alleged unlawful detention and arrest or excessive force violative of the Fourth Amendment, the Officers' motion to dismiss Plaintiff's Ninth COA for violation of the California Bane Act is GRANTED with leave to amend.

     **v.**    **Assault and Battery (Tenth COA)**

Under California law, a battery claim requires the plaintiff to allege "(1) the defendant

13
Case No. 14-cv-02035-BLF
ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

intentionally touched the plaintiff, (2) the defendant used unreasonable force to arrest, prevent the escape of, or overcome the resistance of the plaintiff, (3) the plaintiff did not consent to the use of that force, (4) the plaintiff was harmed, and (5) the defendant's use of unreasonable force was a substantial factor in causing the plaintiff's harm." *Pryor v. City of Clearlake*, 877 F. Supp. 2d 929, 952 (N.D. Cal. 2012) (citing Judicial Council of California, Civil Jury Instruction 1305).

The Officers contest the sufficiency of Plaintiff's allegation as to the unreasonableness of their use of force. (Officers' Mot. 20:3-9) That alleged deficiency is premised on the Officers' contention that they are entitled to statutory and qualified immunity when employing reasonable force to effect an arrest. (*Id.* 20:10-22) The success of Plaintiff's tort claim rises and falls with the viability of Plaintiff's Fourth Amendment Section 1983 claims. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1274 (1998) (holding that as with federal Section 1983 claims, burden is on Plaintiff to prove unreasonableness of force). The Court has already determined that, on the set of facts alleged in the SAC, Plaintiff has failed to sufficiently plead Section 1983 claims for violations of the Fourth Amendment. Therefore, Defendant's motion to dismiss Plaintiff's Tenth COA for assault and battery is GRANTED with leave to amend.

### vi.   Negligence by Officers (Eleventh COA)

"[I]n order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013) (quoting *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988)).

The Officers argue that Plaintiff has insufficiently alleged that the officers had a legal duty to use different tactics or less force in their encounter with Plaintiff. (Officers' Mot. 21:4-18; Officers' Reply 9:18-10:2) The determination whether Defendant Officers breached a legal duty to refrain from making unlawful arrests and using excessive force under California law is coterminous with the determination whether their actions were reasonable for Fourth Amendment purposes. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 513-17 (2009); *see also Robinson v.*

*Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002) (*en banc*).

Thus, for the same reasons that Plaintiff has failed to state claims under the Fourth Amendment, he has failed to state a California negligence claim against the Officers. The Officers' motion to dismiss Plaintiff's Eleventh COA for negligence is therefore GRANTED with leave to amend.

### vii. Demand for Punitive Damages

Plaintiff has asserted a demand for punitive damages against the individual defendant Officers. (SAC ¶¶ 59-61) A plaintiff may recover punitive damages for a Section 1983 claim "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). A plaintiff may recover punitive damages for his state tort claims pursuant to California Civil Code § 3294, which authorizes exemplary damages against a tortfeasor who has acted with "oppression, fraud, or malice."

The Officers seek to dismiss Plaintiff's request for punitive damages on the contention that Plaintiff's factual allegations are insufficient to maintain his demand for punitive damages. (Officers' Mot. 21:22-22:5) Plaintiff's opposition did not address this point. Although the Ninth Circuit has suggested that certain damages allegations may be dismissed under Rule 12(b)(6) where they are precluded as a matter of law, *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010), punitive damages are generally permissible when properly pled in connection with a properly pled tort claim. As such, the Court is not convinced that *Whittlestone* authorizes the dismissal of a prayer for punitive damages at this stage in the pleadings, and Defendant Officers have not cited to any authority on this point.

In any event, because the Court has dismissed all of Plaintiff's substantive claims against the Officers with leave to amend, the Court will also GRANT the Officers' motion to dismiss Plaintiff's punitive damages demand with leave to amend.

### B.   Claims Against City

#### i.   *Monell Claim* (Sixth Cause of Action)

A local government may only be liable under Section 1983 for its own action or inaction, not that of its employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). As such, a successful *Monell* claim must prove that a government entity's policy, practice, or custom is the "moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). *Monell* liability typically attaches in three situations: when a plaintiff suffers injury to his constitutional rights pursuant to (1) an expressly adopted official policy; (2) a longstanding practice or custom; or (3) an employee acting as a "final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013).

Here, Plaintiff's *Monell* claim against the City is largely based on the City's alleged inaction pursuant to either an express policy or a longstanding custom: "failure to discipline" the Officers for their conduct against Plaintiff, (SAC ¶ 19);[5] deliberate indifference to the San Jose Police Department's alleged "repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals," (*id.* ¶¶ 20-21); and failure to discipline, retrain, or properly supervise its police officers, despite a "history of [police officers] using excessive force to carry out corrupt schemes and motives," (*id.* ¶ 22). Elsewhere in the SAC, Plaintiff also alleges that the City is deliberately indifferent to the San Jose Police Department's alleged repeat violations of other constitutional rights, such as "making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy

---

[5] To the extent Plaintiff is contending that the alleged failure to discipline the Officers constituted a "ratification" of the Officers' alleged misconduct sufficient to find municipal liability on that basis alone, Plaintiff has not identified a municipal employee with final policymaking power to make that ratifying decision. *See Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004).

and/or early warning system." (*Id.* ¶ 39; *see also* ¶ 41 (re-alleging failures to oversee police officers and to adequately investigate and hold officers accountable for misconduct))

The City argues that Plaintiff's allegations of an official policy or custom are entirely conclusory and do not state a plausible claim for relief against the City. (City's Mot. 11:13-12:13) The Court agrees. Plaintiff's threadbare allegations are nothing more than a simple recitation of the elements of a *Monell* claim. As such, Plaintiff's allegations are not entitled to a presumption of truth. *See Starr*, 652 F.3d 1202, 1216; *see also*, *Iqbal*, 556 U.S. 662, 678. There are no factual enhancements from which the Court can infer that there is a pattern of repeated constitutional violations by the San Jose Police Department, let alone that the City knew of the violations and was deliberately indifferent to their existence.

Despite Plaintiff's contentions, there are equally no facts alleged concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself properly. (Pl.'s Opp. City 6:26-27) Plaintiff's *Monell* claim rests on a single incident and the inference that the Officers' "conduct was so egregious and unwarranted . . . that such conduct can only occur in an atmosphere in which such atrocious behavior goes unchecked by supervising officials." (*Id.* 6:12-15) The alternative—and significantly more likely—explanation is that the Officers' alleged conduct was an aberrant singular incident of which the City had no knowledge or forewarning. As between these alternative explanations for a singular incident, the inference that Plaintiff seeks to draw is not a plausible conclusion. *See Iqbal*, 556 U.S. 662, 682; *see also Starr*, 652 F.3d 1202, 1216-17. Moreover, Plaintiff's argument that additional instances of misconduct may be uncovered through discovery is misplaced. (Pl.'s Opp. City 6:23-27) Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. 662, 678-79. Plaintiff's conclusory allegations here do not suggest an entitlement to relief "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d 1202, 1216.

Accordingly, the City's motion to dismiss Plaintiff's Sixth COA for *Monell* liability is GRANTED with leave to amend.

        **ii.    The City's Vicarious Liability for Officers' Alleged Negligence**

The City argues that Plaintiff's claim that the City is vicariously liable under California Government Code Section 815.2 should be dismissed because the City is only liable to the extent that its employees are liable. (City Mot. 13:11-21) Since the Court has determined that Plaintiff's negligence claim against the Officers must be dismissed, the City's motion to dismiss Plaintiff's vicarious liability claim must likewise be GRANTED with leave to amend.

**V.    ORDER**

For the foregoing reasons, the Defendants' Motions to Dismiss are GRANTED as follows:

1. The Officers' Motion to Dismiss Plaintiff's First, Second, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action is GRANTED with leave to amend;

2. The City's Motion to Dismiss Plaintiff's Sixth and Eleventh Causes of Action is GRANTED with leave to amend;

3. Plaintiff's Fifth Cause of Action and punitive damages demand against the City are DISMISSED at Plaintiff's request.

Plaintiff shall have **twenty-one (21) days** from the date of this order to file an amended complaint consistent with this order.

IT IS SO ORDERED.

Dated: June 20, 2014

                                                              BETH LABSON FREEMAN
United States District Judge